IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| THOMAS L. KIERSKY and REBECCA A. KIERSKY, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 220093G |
| v. | ) ) | |
| DESCHUTES COUNTY ASSESSOR, | ) ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION FOR SUMMARY JUDGMENT** |

On Defendant's Motion for Summary Judgment, this case concerns how to value an undivided fractional ownership interest in a condominium. The tax year at issue is 2021–22.

## I. STATEMENT OF FACTS

Plaintiffs own a one-tenth undivided interest in an attached condominium unit within the Eagle Crest resort. Other condominiums with fractional ownership arrangements are nearby, including two others within the same building as Plaintiffs'.

Evidence suggests market demand for Plaintiffs' fractional interest has diminished over the years. In 1993, the first buyer paid $38,990 for it. In 2013, Plaintiffs bought it for $12,000. On December 29, 2020—three days before the assessment date of January 1, 2021—another one-tenth undivided interest in the same condominium sold for $9,000. Similar fractional interests in neighboring condominiums sold for $9,500 on November 20, 2020, and for $9,000 on December 21, 2020. Plaintiffs attribute the decline in fractional interest market value to homeowners association dues, lack of rights over the property, increased travel expenses, and minimal updating.

Defendant and the board of property tax appeals found that Plaintiffs' one-tenth interest had a real market value of $30,950, a maximum assessed value of $29,130, and an assessed value

of $29,130. (Compl at 4.) Those figures are respectively one tenth of $309,500, the value at which Defendant appraised the whole condominium (*i.e.*, as if under single ownership), and $291,300, the maximum assessed value and assessed value of the whole condominium. (*Id.*) Plaintiffs do not dispute Defendant's valuation of the whole condominium.

Plaintiffs seek a real market value of $9,000 for their one-tenth undivided interest, based on comparison with sales of similar fractional interests. Defendant asks the court to uphold its assessment based on dividing the value of the whole condominium by ten.

## II. ANALYSIS

The specific issue raised by Defendant's summary judgment motion is whether Defendant is legally required to value Plaintiffs' fractional interest at a proportion of the value of the entire condominium unit. Although property valuation is a fact-intensive process, it is subject to legal constraints and may be challenged on legal grounds. *Hewlett-Packard Co. v. Benton County Assessor*, 357 Or 598, 609–10, 356 P3d 70 (2015). Here, Plaintiffs' dispute is solely with the valuation method adopted by Defendant—a method Defendant claims it is legally required to use. Plaintiffs do not question Defendant's application of that method, and they concede their Complaint should be dismissed if Defendant's method is correct.

Real property is organized on the assessment roll by "parcel." *Gray v. Dept. of Rev.*, 23 OTR 220, 232–33 (2018); *see* ORS 308.215(1)(a).[1] Property under the condominium form of ownership is divided between independently conveyable "units" (bounded by walls, floors, and ceilings) and common elements in which each unit has an undivided interest. ORS 100.505; 100.510(1); 100.515(1). For assessment purposes, each unit, with its share of the common elements, is a "parcel." ORS 100.555(1)(a).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

ORS 308.215(1)(a) prescribes several attributes of parcels that assessors are to place on the assessment roll. For condominiums, assessors must set down the following:

> "The real market value of each unit together with its percentage of undivided interest in the common elements of property subject to ORS 100.005 to 100.910 [the Oregon Condominium Act] stating separately the real market value of the land, buildings, structures and improvements of each unit."

ORS 308.215(1)(a)(G). The subject of valuation for a condominium is therefore the unit, including that unit's share of the common elements. *Lewis v. Dept. of Rev.*, 302 Or 289, 294, 728 P2d 1378 (1986) (stating predecessor to ORS 100.555 requires condominium units to be individually valued and assessed).

As stated above, the condominium unit in the present case is under fractional ownership; Plaintiffs hold a one-tenth undivided interest in the unit itself (not to be confused with the unit's undivided interest in the common elements). Plaintiffs allege the unit is not a timeshare property, and Defendant has not disputed that allegation. The analysis below therefore presumes the unit is not subject to the timeshare estate statutes, ORS 94.803 to 94.945.[2]

Assessment of an undivided interest in real or personal property is governed by ORS 308.125. ORS 308.125(1) states:

/ / /

---

[2] ORS 94.809(2) establishes the procedure for determining the real market value of timeshare properties:

> "The real market value of timeshare property, other than the recreational facilities, shall be determined by taking the value of each individual living unit as if such living unit were owned by a single taxpayer, without having been timeshared, and adjusting such value by an amount necessary to reflect any increase or decrease in such value attributable to the fact that such timeshare property is marketed in increments of time. There shall be a rebuttable presumption that the value of such timeshare property is increased by 20 percent of its value under single ownership by virtue of being marketed in increments of time. If the managing entity or assessor contends that the adjustment due to such ability to market in increments of time is less than or greater than an increase of 20 percent of the single ownership value, then the burden of establishing such adjustment shall be upon the party so contending."

Owners of timeshare properties may appeal assessments of timeshare properties only through the agency of the timeshare's managing entity. *See* ORS 94.808(3).

"An undivided interest in lands or lots, or other real property, or in personal property, may be assessed and taxed as such. Any person desiring to pay the tax on an undivided interest in any real property may do so by paying the tax collector a sum equal to such proportion of the entire taxes charged on the entire tract as the interest paid on bears to the whole."

The first sentence of ORS 308.125(1) permits separate tax statements for each undivided interest as "an administrative convenience for the owners of the undivided interests." *Talarico v. Deschutes County Assessor*, TC–MD 010467F, 2001 WL 34146729 at *3 (Or Tax M Div Nov 23, 2001). The second sentence of ORS 308.125(1) allows payment of an undivided interest's taxes by payment of a proportional share of the entire tract's taxes.[3] The "entire tract" is none other than the "parcel" of ORS 308.215(1)(a). *Cf. Gray*, 23 OTR at 233 ("[a] 'parcel' comprises a 'tract of land' and includes any improvements").

By setting the fractional interest's tax at a proportional share of the whole parcel's tax, ORS 308.125(1) implies a similar proportion between any assessed value associated with the fraction and the assessed value of the whole. Tax is proportional to assessed value. *See* ORS 310.060(8) (*ad valorem* property tax rates expressed in "dollars and cents per thousand dollars of assessed value"). To maintain that proportion, the subject of valuation must be the whole parcel, with the fractional interest receiving a share of the whole assessed value rather than an independent assessed value of its own.[4]

---

[3] The second sentence of ORS 308.125(1) resembles a provision found in ORS 311.280(1):

"Any person desiring to pay taxes on any part of any real estate assessed as one parcel or tract may do so by applying to the county assessor or deputy county assessor. The county assessor shall determine the relative or proportionate value such part bears to the value of the whole tract assessed, and shall file a statement thereof with the tax collector, on which basis the assessment shall be divided and taxes shall be collected accordingly."

It has been observed that ORS 311.280(1) facilitates transfer of title to part of a tract of land by unrecorded deed. *Napier v. Lincoln Co. School Dist.*, 4 OTR 221, 225 (1970).

[4] By rule, tax statements state the real market value and assessed value of the account. OAR 150-311-0250.

The real market value of the fractional interest is therefore irrelevant, except insofar as it might indicate the real market value of the whole.[5] *Runyan v. Deschutes County Assessor*, TC–MD 030112B, 2003 WL 23883583 at *3 (Or Tax M Div July 30, 2003). Any direct derivation of assessed value from an undivided interest's independent real market value "would be inconsistent with the proportional payment of taxes." *Talarico*, 2001 WL 34146729 at *3; *see also Buckles v. Deschutes County Assessor*, TC–MD 150133D, 2015 WL 5682617 at *3 (Or Tax M Div Sept 28, 2015) ("the value of the subject property must be determined as a fraction of the value of the whole condominium").

Here, although Plaintiffs provide strong evidence of their one-tenth undivided interest's independent market value, the whole condominium unit's market value was more than ten times the value indicated by Plaintiffs' evidence. Whatever the explanation for the discount, the result is that an assessment relying on Plaintiffs' requested real market value would not result in a tax on their interest equal to one tenth of all the taxes owing on the whole unit, as required by ORS 308.125(1). For that reason, Plaintiffs' valuation of the fractional interest apart from a complete ownership interest in the unit cannot be used to determine the tax imposed. *See Talarico*, 2001 WL 34146729 at *3.

It might be objected that Defendant's valuation of Plaintiffs' fractional interest does not fulfill Defendant's duty to value property "at 100 percent of its real market value" because Plaintiffs' fractional interest would sell for less than one tenth of the whole unit's real market value. *See* ORS 308.232. However that objection suffers from an erroneous unstated premise; namely, that ORS 308.232 requires valuing the fractional interest. The text of ORS 308.232 requires only that "real or personal property" be valued, but does not define whether the valued

---

[5] The whole parcel's assessed value will usually be the lesser of its real market value or maximum assessed value. *See* ORS 308.146(2).

property should be a whole parcel or an undivided interest. Likewise, the first sentence of ORS 308.125(1) permits the taxing and assessing of undivided interests "as such"—*i.e.*, as undivided interests—but does not define how an undivided interest ought to be assessed and taxed.

As discussed above, the second sentence of ORS 308.125(1) implicitly requires assessment and taxation proportionate to the whole parcel. Furthermore, ORS 308.215(1)(a)(G) explicitly requires assessors to value "each unit" of a condominium. Assessors therefore fulfill the requirement of ORS 308.232 when they accurately value the entire unit, and they assess undivided interests "as such" when they assign them a proportionate share of the entire unit's tax burden. *See* ORS 305.125(1). There is no conflict between the duties laid down by ORS 308.232 and 308.125(1).[6]

### III. CONCLUSION

Because the assessed value of a fractional interest must be a proportionate share of the entire parcel's assessed value, and because there is no dispute as to the entire parcel's assessed value, Defendant is entitled to prevail as a matter of law. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment be and hereby is granted.

Dated this ____ day of February 2023.

POUL F. LUNDGREN
MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

---

[6] If there were a conflict, the more specific statute—ORS 308.125(1)—would control the valuation of undivided interests against the more general ORS 308.232. *See* ORS 174.020.

*This document was signed by Magistrate Poul F. Lundgren and entered on February 16, 2023.*